IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENISHO QUINCY HOWSE,

    Plaintiff,                    No. CIV S-06-0331 DFL DAD P

    vs.

DEPUTY WALKER,

    Defendant.                FINDINGS & RECOMMENDATIONS

_____/

Plaintiff, a former inmate at the Sacramento County Main Jail, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is defendant Walker's motion, brought pursuant to Federal Rule of Civil Procedure 12(b), to dismiss this action due to plaintiff's failure to exhaust administrative remedies.

PROCEDURAL BACKGROUND

On February 16, 2006, plaintiff filed his form complaint naming Deputy Walker and three other unnamed members of the Sacramento County Sheriff's Department as defendants.[1] Plaintiff alleges that on March 30, 2005, while he was being booked into the

---

[1] In the caption of the complaint, plaintiff names the Sacramento County Sheriff's Department as the sole defendant. The court did not order service on the Sacramento County Sheriff's Department since plaintiff did not provide any allegations concerning this defendant in his complaint.

1

1  Sacramento County Main Jail, he was attacked, beaten, and choked by four officers of the
2  Sacramento County Sheriff's Department.  Plaintiff was only able to see the name tag of
3  defendant Walker.  Plaintiff seeks monetary damages for his pain and suffering, medical
4  expenses and lost wages.
5         On March 28, 2006, the court ordered the U.S. Marshal to serve process on
6  defendant Walker.
7         On May 25, 2006, defendant Walker file the pending motion to dismiss.  Plaintiff
8  filed an opposition titled, "Motion:  In opposition of Defendants [sic] 12(b) Motion to Dismiss."
9  Defendant filed a reply and plaintiff filed a document styled, "Plaintiff's Supplemental to
10 opposition of Defendants Motion To Dismiss," in response to the defendant's reply.

## PARTIES' ARGUMENTS

12         Defendant argues that the Prison Litigation Reform Act (PLRA) requires that
13 inmates exhaust administrative remedies prior to proceeding in federal court.  Pursuant to
14 California Code of Regulations, Title 15, § 1073, the Sacramento County Sheriff's Department
15 provides its inmates with a three-level review process.  (Mot. to Dismiss (MTD) at 5; Attach.,
16 Hom Decl. at 1.)  The operations order titled "9/20 Grievances," sets forth that process for the
17 Sacramento County Main Jail.  The first level of review provides for an informal resolution.  (Id.
18 at 5.)  The inmate is to direct the grievance to the Housing Unit Officer for resolution.  (Id.)  If
19 the grievance is not resolved, the inmate proceeds to the second level.  (Id.)  The second level of
20 review requires a formal written grievance which must be submitted to the Housing Unit Deputy
21 within five calendar days of the incident at issue.  (Id.)  The written grievance must be given to
22 the Housing Unit Deputy who attempts to resolve the issue and, if unable to do so, forwards the
23 grievance to a Sergeant.  (Id.)  The Sergeant has ten days to resolve the issue, having the
24 authority to take any appropriate action necessary to do so, and reviews all pertinent documents,
25 reports, records and files relating to the grievance.  (Id.)  If the Sergeant is unable to resolve the
26 problem, the entire grievance package is forwarded to the Executive Lieutenant who has five

days to respond to the grievance. (Id. at 5-6.) The third level of review is an appeal to the Jail Commander. (Id. at 6.) Once the inmate receives a reply to his written grievance, he must send an "inmate Grievance" form to the Jail Commander within five days of the initial reply. (Id.) The Jail Commander has five days to reply to the appeal unless the inmate agrees to an extension. (Id.) Defendant contends that a final decision by the Jail Commander satisfies the exhaustion requirement under section 1997(e)(a). (Id.)

Defendant argues that plaintiff never filed a written grievance regarding the alleged assault on March 30, 2005. (Id.) In this regard, defendant attaches a declaration by Brendon Hom who is employed as an administrative sergeant in the Executive Office of the Sacramento County Main Jail. (Id., Ex. B, at 1.) Mr. Hom states that he searched the inmate grievance database which maintains all inmate grievances and found no Jail Commander reply, no written appeal from a grievance response, and no written grievance filed by plaintiff. (Id., Ex. B, at 3-4.) Defendant also argues that the complaint should be dismissed with prejudice because plaintiff is procedurally in default. (MTD at 6.) Citing Marsh v. Jones, 53 F.3d 707 (5th Cir. 1995), defendant argues that although Marsh was decided prior to the enactment of the PLRA's exhaustion requirement, its ruling is applicable here. (Id.) "Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies." Marsh, 53 F.3d at 710. Defendant also argues that plaintiff should not be permitted to amend his complaint now that his claim is procedurally in default, as this would allow him to circumvent the administrative review system and undermine the intent of the PLRA exhaustion requirement. (MTD at 7.)

Plaintiff has submitted his own declaration with his opposition to the motion to dismiss. Plaintiff contends that the Sacramento Main Jail is a "pretrial facility" and that he was detained there for less than 24 hours. (Opp'n, filed 6/21/06, Attach. Decl. at 1.) The day

3

following the assault in question, plaintiff was transferred to Rio Consumnes Correctional Facility where he requested a citizen's complaint and a County Board of Control claim form. (Id.) The citizen's complaint was filed on April 15, 2005, and the Board of Control claim was filed on April 20, 2005. (Id.) On May 21, 2005, plaintiff was transferred to Deuel Vocational Institution where he was interviewed by Sergeant Dawn Douglas from the Sacramento County Sheriff's Internal Affairs office. (Id.) In a letter dated September 27, 2005, then-Sheriff Lou Blanas indicated that an investigation had been conducted regarding plaintiff's complaint and it was determined that "the facts obtained do not support the allegation of misconduct." (Id., Attach. Letter from Sheriff Lou Blanas, dated 9/27/05, at 1.) Based on this letter rejecting his citizen's complaint, plaintiff argues that he properly exhausted his administrative remedies. (Id., Attach. Decl. at 1.)

In his reply, defendant Walker argues that plaintiff failed to utilized the three-step grievance process available to inmates of the Main Jail, thereby failing to exhaust administrative remedies. (Def.'s Reply, filed 6/26/06, at 1.) Defendant again argues for dismissal with prejudice in light of the recent Supreme Court decision in Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006). Since plaintiff did not submit his written grievance within the five-day deadline established by the Main Jail's grievance procedure, defendant argues that plaintiff's claim is procedurally defaulted and the complaint should be dismissed with prejudice. (Def.'s Reply at 2.)

As noted above, plaintiff has also submitted a document styled, "Plaintiff's Supplemental to Opposition of Defendants [sic] Motion To Dismiss." (Suppl. Opp'n, filed 7/24/06.)[2] In his supplemental opposition, plaintiff asserts that he has exhausted all available

---

[2] In the court's March 28, 2006 order, plaintiff was advised that a motion to dismiss is briefed pursuant to Local Rule 78-230(m). Under that local rule, a reply may be filed by a moving party; however, there is no provision for the non-moving party to file a response to the reply. Nevertheless, in the interest of justice, the court will not strike plaintiff's supplement to his opposition and will consider the arguments set forth therein.

4

administrative remedies. (Id. at 1.) Plaintiff attaches his declaration in support of his supplemental opposition. He again asserts that he was in custody at the Sacramento Main Jail for a very brief period. (Id., Decl. at 1.) He declares that while incarcerated at the Main Jail he was placed in a security holding cell which did not have any intercom button. (Id.) Plaintiff was told that if he yelled or hit the door, officers "would come back and deal with me." (Id., Decl. at 2.) Plaintiff tried to tell the officers that he suffered from a seizure disorder and because his attempts to obtain medical care were ignored, "it was obvious that I was not getting any forms from them." (Id.) A few hours later, plaintiff was moved to a booking cell and after about thirty minutes, he was moved to the eighth floor pre-classification cell. (Id.) Plaintiff pressed the button in his cell and was told that unless he had an emergency medical condition, he was not to press the button again. (Id.) Plaintiff also states, "They would not issue forms at this time[.]" (Id.) About eight hours later, plaintiff was told he was being moved to the Branch Jail in Elk Grove, also known as the Rio Consumnes Correctional Center. (Id.) While held at the Branch Jail, plaintiff "asked for the necessary forms including a grievance[.]" (Id.) He claims that "while awaiting for a reply" he was told he was being transferred and ultimately was moved to Deuel Vocational Institution (DVI). (Id.) Finally, plaintiff contends that all records pertaining to the alleged use of excessive force against him are located at the Branch Jail and there is no record of his complaint at the Main Jail only because "the Deputys [sic] would not allow me to have any documents" at that facility. (Id., Decl. at 3.)

ANALYSIS

I. Legal Standards

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about

prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2382 (2006).

The PLRA exhaustion requirement creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 & nn.9 & 13 (9th Cir. 2003). The defendant bears the burden of raising and proving the absence of exhaustion. 315 F.3d at 1119. A defendant also bears the burden of specifying and demonstrating what remedies were available to the inmate. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt v. Terhune, 315 F.3d at 1119-20. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record."[3] Id. at 1120 n.14.

II. Discussion

Defendant argue that this action should be dismissed because plaintiff never utilized the 3-level grievance process provided by the Sacramento County Sheriff's Department. Plaintiff's opposition is based on two arguments. First, plaintiff argues that the grievance system

---

[3] Plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b). (See Order filed 3/28/06 at 3-4.)

6

1  at the Main Jail was unavailable to him because he was transferred to a different county
2  correctional facility within a day after the incident at issue occurred.  Second, plaintiff argues that
3  his use of the citizen's complaint and Board of Control claim satisfies the exhaustion
4  requirement.
5           As noted above, the PLRA requires the exhaustion of administrative remedies as
6  are available.  Under Title 15, section 1073 of the California Code of Regulations, California
7  county jails must "develop written policies and procedures whereby any inmate may appeal and
8  have resolved grievances relating to any conditions of confinement, included but limited to:
9  medical care; classification actions; disciplinary actions; program participating; telephone, mail,
10 and visiting procedures; and food, clothing, and bedding." Cal. Code Regs. Tit. 15 § 1073.
11 Defendant Walker has submitted to the court the Sacramento County Sheriff's Department
12 Operations Order (9/20 Grievances) setting forth the inmate grievance procedure at the
13 Sacramento County Main Jail.  Although plaintiff was at the Main Jail for only a day, he was
14 transferred to Rio Consumnes Correctional Center, another Sacramento County Sheriff's
15 Department facility.  Both facilities are operated by the Sacramento County Sheriff and the court
16 is persuaded that the grievance process was still available to plaintiff.  See Medina-Claudio v.
17 Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002) (holding that the fact that a prisoner is
18 transferred to various locations and under the custody of different officials, does not affect his
19 obligation to exhaust administrative remedies before filing suit); Bradley v. Washington, 441 F.
20 Supp. 2d 97, 103 (D. D.C. 2006) ("This case is accordingly unlike those concerning inmates
21 transferred between facilities of the same department - transfers which leave the inmate's access
22 to agency grievance procedures intact and, as a result, have no impact on the inmates' obligation
23 to exhaust the agency's administrative remedies.").  In addition, while plaintiff's many cell
24 moves and short detention at the Main Jail may have prevented him from initiating the grievance
25 process while at that facility, he does not contend that there were obstacles preventing him from
26 using the available Sacramento County Sheriff's Department grievance process once he was

1  transferred to the Rio Consumnes Correctional Center.  Here, the alleged assault took place on
2  March 30, 2005.  According to plaintiff he was moved to the Sacramento County Sheriff's Rio
3  Consumnes Correctional Center the following day, March 31, 2005.  According to petitioner,
4  while at Rio Consumnes Correctional Center he asked for and received a citizen's complaint
5  form which he filed April 15, 2005 and a County Board of Control form which he filed April 20,
6  2005.  Plaintiff's bare, unsupported allegation that at some unspecified time after April 20th
7  (some 21 days after the alleged assault) he was told he was being transferred to state prison
8  "while awaiting for a reply" to his request for necessary forms is insufficient to overcome the
9  evidence presented by defendants that a grievance system was available to him.  See Ramirez v.
10 Arpaio, No. CV 05-3668 PHX-DGC (LOA), 2006 WL 2927461 at *3 (D. Az. Oct. 12, 2006).

11         Next, plaintiff contends that he exhausted administrative remedies by submitting
12 a citizen's complaint which resulted in a Sheriff's Department internal investigation and by
13 making a claim to the State Board of Control.  The filing of a citizen's complaint under
14 California Penal Code § 832.5 does not serve the same purpose as the PLRA's exhaustion
15 requirement and does not satisfy the requirement of exhausting available administrative
16 remedies.  See Townes v. Paule, 407 F. Supp. 2d 1210, 1218 (S.D. Cal. 2005) (rejecting the
17 plaintiff's contention that by filing under oath a citizens complaint under § 3391(b) of the
18 California Code of Regulations, Title 15 he had satisfied the underlying purpose of § 1997e(a)
19 since the complaint was sworn under oath and was investigated by Internal Affairs thereby
20 providing a more fair and meaningful investigation of his complaint); see also Sanchez v.
21 Detention Officers of Kern Co. Sheriff's Lerdo Jail, No. 1:04-CV-05737-OWW, 2006 WL
22 403933 at *1 (E.D. Cal. Feb. 16, 2006); Ware v. Terhune, No. C01-1896CRB(PR), 2001 WL
23 680275 at *1 (N.D. Cal. June 6, 2001).  Similarly, presentation of a claim to the State Board of
24 Control does not serve to exhaust a prisoner's administrative remedies because the Board is not
25 part of the jail grievance system.  Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999)
26 ("Congress certainly intended to require prisoners to exhaust available administrative grievance

8

1 procedures, [but] there is no indication that it intended prisoners also to exhaust state tort claim
2 procedures."), overruled on other grounds by Booth v. Churner, 532 U.S. 731 (2001). The same
3 principle would apply to a claim filed with a County Board of Control. Rather, compliance with
4 the jail grievance procedures is what is required by the PLRA in order to "properly exhaust." See
5 Jones v. Bock, ___ U.S. ___, ___, 2007 WL 135890 at *12 (U.S. Sup. Ct. Jan 22, 2007).
6 Therefore, the court will recommend that defendant's motion to dismiss be granted.

7       Citing Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378 (2006), defendant
8 argues that this action should be dismissed with prejudice because plaintiff is now in procedural
9 default under the inmate grievance system which requires that a formal grievance be submitted
10 within five days from the incident at issue. In Woodford, the Supreme Court concluded that "the
11 PLRA exhaustion requirement requires proper exhaustion." 126 S. Ct. at 2387. "Proper
12 exhaustion demands compliance with an agency's deadlines and other critical procedural rules
13 because no adjudicative system can function effectively without imposing some orderly structure
14 on the course of its proceedings." Id. at 2386. In this case, the court finds that defendant has not
15 presented sufficient evidence to establish how the Sacramento County Main Jail would treat a
16 grievance filed outside the five day time period. The operations order provided by defendant to
17 the court does not explain how a late grievance submitted by a transferred inmate would be
18 handled and whether there are practices or policies which allow grievance deadlines to be
19 extended under circumstances such as those presented here. In addition, plaintiff has not
20 attempted to file a grievance outside the five day period. The court will not speculate as to how
21 the Sheriff's Department would respond to such a grievance were it to be filed. Therefore, the
22 court will recommend that the motion to dismiss be granted without prejudice.

23       Accordingly, IT IS HEREBY RECOMMENDED that:
24       1. Defendant's May 25, 2006 motion to dismiss for failure to exhaust
25 administrative remedies be granted; and
26       2. This action be dismissed without prejudice.

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3   days after being served with these findings and recommendations, any party may file written
4   objections with the court and serve a copy on all parties.  Such a document should be captioned
5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6   shall be served and filed within ten days after service of the objections.  The parties are advised
7   that failure to file objections within the specified time may waive the right to appeal the District
8   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9   DATED: January 23, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hows0331.mtd